Okey, J.
The action of the council, with a view to the establishment of a street railway in a city or village, may be invoked by a corporation, individual, or individuals, making application in writing that leave be granted to construct such road. The council may thereupon “ prescribe the terms and conditions upon and the manner in which such road shall be constructed and operated, and the streets and avenues which shall be used and occupied therefor.” 66 Ohio L. 217, § 411.
Notice of the application must be given “by the clerk of the eoi'poration, in one or more of the daily papers, if there be such, and if not, then in one or more of the weekly papers published in the corporation, for the period of at least three consecutive weeks.” 67 Ohio L. 77, § 412. This notice may properly contain the statement that bids will be received, and the right to build the road awarded, on a specified day, “ to the corporation, individual, or individuals that will agree to carry passengers upon such proposed railroad at the lowest rates of fare,” and in the manner and subject to the conditions so prescribed. Ib.
In prescribing the terms and conditions upon which the railway may be constructed and operated, and the time and manner in which notice shall be given, bids received, and the result of the bidding ascertained, the action of the council may be by ordinance, general or special, or in such other form as it may deem proper ; though ultimately the terms and conditions must be embodied in an ordinance; *197 and, doubtless, council may direct that the notice may be given and the bids received and opened by the board of public works or any officer. But the notice being given, and the bids received and opened, council must determine to whom, according to such bidding, the privilege of constructing and operating the railway must be awarded.
There is this further condition precedent to any grant of such authority, that the grantee “ shall have previously obtained the written consent of a majority of the property-holders on the line of the proposed street railroad, represented by the feet front of lots abutting on the streets along which such road is proposed to be constructed.” Sec. 412.
At the time of the passage of the municipal code of 1869, •of which secs. 411 and 412 are parts, the subject of consents was pi’ovided for in the act of 1866, amended in 1868 (63 ■Ohio L. 55 ; 65 Ohio L. 112; S. & S. 137, 139, §§ 105, 106, and 113). Although secs. 105 and 106 wex*e expressly repealed by that code, while sec. 113 has not been repealed in terms, yet it is evident that sec. 412, as amended (67 Ohio L. 77), was intended as a substitute for sec. 113, as to new routes, and so far the latter section has ■ceased, to have any force.
Equally certain it is that the consents mentioned in sec. 412 need not, in terms, be given to the person who is the lowest bidder; for the contract can be awarded to him alone, and the consents, it matters not by whom obtained •or to whom given, are in substance assent to the construction and operation of the railway in the designated streets, and hence must inure to the benefit of the lowest bidder.
There is a still further prerequisite to the grant of such .authority, in the act relating to the board of public works of Cincinnati: “ No grant of the use of any street or highway in such city, for the purpose of a street or other x-ail-road, or any extension thex-eof, shall be made or renewed, •unless first recommended by said board.” 73 Ohio L. 43-46, §12.
When all these px’eliminary steps are taken and facts ascertained — that is, when, on such application, council has *198 fixed the terms and conditions on which a railway may be-constructed and operated, and notice has been given, bids received, the lowest bidder as to fares ascertained, the the board of public works assents to the grant, and such lowest bidder complies with the terms and conditions prescribed — then, and not until then, the council may pass the-ordinance granting the right, as provided in § 412. And that ordinance is not a general authority inuring to the-benefit of the company which, or person who, may thereafter receive the award to construct and operate the railway; but a grant by the council directly to the corporation to-which, or the individual or individuals to whom, the contract is then awarded. There can, in such case, be no-grant without a grantee expressly named therein. Rut when these steps are taken, facts ascertained, and grant made, such corporation, individual, or individuals, on complying with the conditions prescribed, will be fully authorized to construct and operate the railway. What course-must be pursued, however, if it becomes necessary to appropriate lands, or the right of way, for such railway, we do not decide.
Sections 411 and 412, above mentioned, and the act, already referred to, relating to the board of public works of Cincinnati, have been repealed and re-enacted, with certain changes, the nature and extent of which we are not now called on to determine. See 75 Ohio L. 161, 419. In view of this fact, we deem it unnecessary to trace, in this opinion,, the course of legislation and decision, which we were required to pursue in the laborious examination we made of this case. It is sufficient to say that we have been confirmed, by such examination, .in the belief that the words of the statute, requiring the grant to be made by ordinance to a corporation, individual, or individuals therein expressly named,, are imperative. The authority of the council is granted by statute, which must be substantially pursued; and clearly that body can not delegate its power, in this particular, to any board or officer. The council can, indeed, only make the grant to the lowest bidder, and its action in grant *199 ing authority to any other corporation, individual, or individuals, where that is done, may be restrained, if application is made in proper time; but that local legislative body can not be compelled to make a grant of such authority, even to the lowest bidder. It follows, necessarily, from the views here expressed, that the board of public works of Cincinnati, which the council can clothe with no authority to pass an ordinance, can not be compelled to perform the act which the relator desires it to perform.

Peremptory writ refused.